On Rehearing.
NICHOLLS, J.
In the judgment which we have just rendered herein, we remanded this case to the district court to be tried on the. merits, with directions to have certain pleas of prescription which were set up disposed of at that time. We did not think the condition of the record was such as to enable us at the present time intelligently and with justice to all parties to pass upon them. The plaintiff did not apply for a rehearing, but has acquiesced in the judgment as rendered. He resists, however, defendants’ attempt to have presently adjudicated the issues which we have ordered postponed for decision to a future date, and under a clearer and fuller knowledge of the situation.
Defendants contend that we have before us now all the data needed for a judicial decree. They say that their plea of prescription must be read and considered in connection with the admissions made in the plaintiff’s pleadings, and insist that by so doing the controversy between the parties can and should be closed at once.
We have examined plaintiff’s petition with care. There are, beyond question, a number of admissions made in the petition. It is admitted that the property sought to be partitioned belonged to the community of acquets and gains which existed between plaintiff’s father, Dewit O. Rhodes, and his wife, who is the defendant in this ease; that that community was dissolved by the death of his father in 1858; that his father resided at that date upon the property; and that his mother has continued to reside upon it ever since. It is alleged that his mother was appointed and confirmed as his tutrix, but it is admitted that she contracted a second marriage in 1860 to Austen Burgess. It is alleged that in April, 1863, his mother attempted to have a partition made between him and herself, he then being a minor; this piece of property being included in the partition. It is averred, however, that this partition, for certain reasons assigned, to which we will nereafter advert, was an absolute nullity, entitling him to proceed and demand judicially now as if for an original partition; that is, disregarding the former attempt at partition without first seeking to have the same rescinded and set aside. Plaintiff admits that there was at one time a record of this attempted partition in the records of Rapides parish, and that it was destroyed by the burning of the parish courthouse in 1864. He admits that he, being then 18 years old, was emancipated in 1873. He admits that his mother, in 1873 had the record of the partition suit which had been destroyed re-established contradictorily with himself, and that he had made no opposition to the same. Defendants contend that these admissions recognize her ownership and possession of this property for over 10 years, and would *607 justify a judgment sustaining the plea of prescription of 10 years.
But accompanying plaintiff’s admissions is an attack hy him upon the so-called attempted partition, resting upon certain facts declared to have existed which are not negatived by any allegations in defendants’ pleas. of prescription, nor met and covered by any affirmative allegations therein. We would not be warranted, we think, in ignoring, under such circumstances, the possible actual existence of those facts as factors in determining the question of prescription. For instance, plaintiff alleges that the estate sought to be partitioned consisted of this land and certain negroes; that the negroes were transferred to him in the partition, not by the drawing of lots, but by the direct assignment by a family meeting, by what seems to be called in France “attribution.” He further states that he was not notified, as the law required he should have been, of the day, place, and hour when the partition was to be made. Civ. Code, art. 1347. He also claims that, at the time these negroes were transferred to him for his share of the estate, they had ceased to be property, by effect of the proclamation of the President of the United States in January, 1863, and that he was never given anything in the estate of his father. He asserts that he should have been represented, as he was not, in these proceedings by his undertutor, and not represented, as he was, by a special tutor.
He does not admit, nor is it anywhere asserted by the defendants, that the partition proceedings were terminated and closed in .1873 by the homologation of these proceedings. He calls our attention to articles 1295, 1296, 1371, 1372, 1399, and 1400 of the Civil Code, claiming that as he was a minor when the first partition was attempted, and because the formalities required by law in such eases had not been fulfilled, the partition was not a definitive, but a provisional, one, at best; that he was not obliged to bring an action for its rescission, but could demand at once a new partition; that this action is-not an action for rescission of a partition,, and therefore is not covered by the prescription of five years provided for by article-1413 of the Civil Code, but it is to be considered and treated as a direct, original action for a partition.
Defendant argues the issues submitted to-us as if the prescription of 10 years pleaded by him was that of 10 years acquirendi causa. We think it was the prescription liberandi causa of 10 years in bar of plaintiff’s action.
Article 906 of the Code of Practice permits-this court to remand causes when it does not believe matters are in such a condition as to-enable it properly to pronounce judgment therein.
We feel that this case is one where we should have further data before us in order to act advisedly in the premises. We think that this court exercised judiciously its discretion in remanding the case. We adhere-to our original judgment. It must stand unchanged.